# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA A. RILEY, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-0887 |
| v. | |
| AVON PRODUCTS, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Before me is Motion of Plaintiff, Cynthia A. Riley, to Remand the Within Matter to the Court of Common Pleas of Lackawanna County Pursuant to 28 U.S.C. Section 1447. (Doc. 6.) In this timely removed personal injury case, Plaintiff moves for remand arguing the Complaint does not establish damages in excess of $75,000.00. The Plaintiff alleges to have been injured when a defective mug failed and caused hot coffee to spill on her causing first and second degree burns to her right thigh causing blisters, first and second degree burns to her left thigh, burns to her left foot, bruises and contusions to her body and scarring, all of which may be permanent. (Compl. ¶ 14). Plaintiff further alleges she had to undergo medical care and has to continue for an "indefinite time into the future."

(Compl. ¶ 15). She alleges she has suffered pain, shock to the nervous system, humiliation and embarrassment, all of which may continue indefinitely. (Compl. ¶ 16). Lastly, she alleges she will be unable to attend to her daily activities as she has suffered "a permanent impairment of her earning power . . . " (Compl. ¶ 17).

Because it appears to a legal certainty from the complaint that the amount in controversy exceeds $75,000.00, the motion to remand will be denied.

## DISCUSSION

*Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) resolved any doubts as to the burden to establish jurisdiction in a removal case founded on diversity jurisdiction.  The party seeking removal must show to a legal certainty that the jurisdictional requirements are met.  *Id.*  In this case, it is up to the Defendant to show to a legal certainty that the amount in controversy exceeds $75,000.

This is an open ended Complaint which contains an *ad damnum* clause, which states the damages exceed the limit for mandatory arbitration in Lackawanna County, the county where the complaint was originally filed.[1]

"A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (citing *Steel Valley Auth. v. Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).  This determination is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski*, 286 F.2d at 666 (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). Any doubts as to the amount of controversy should be resolved in favor of remand.  *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

In this case, viewing the contents of the Complaint, it is my view that the Complaint establishes to a legal certainty that the amount in controversy exceeds $75,000.  The allegations of the extent and duration of the Plaintiff's injuries and their effects (scarring), the allegations of the continuing need for medical care, and the allegations of permanent

---

[1] Cases not involving title to real property and where the amount in controversy does not exceed $50,000 are submitted to compulsory arbitration.  *See* 42 PA. CONS. STAT. ANN. § 7361.

impairment of future earning capacity evidence a claim which exceeds $75,000.

This case differs from *Samuel-Bassett* and *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214 (3d Cir. 1999). In each of those cases the amount in controversy was not open ended and was capable of a finite determination. Open ended complaints such as this one are, absent affidavits, depositions or other extensive evidence, determined by a reasonable reading of the complaint. *See Angus*, 989 F.2d at 146.

The motion for remand will be denied.

An appropriate Order follows.


| August 24, 2007 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA RILEY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:CV-07-887 |
| | : (JUDGE CAPUTO) |
| AVON PRODUCTS, | : |
| Defendant. | : |

## ORDER

       **NOW**, this 24th day of August, 2007, **IT IS HEREBY ORDERED** that Plaintiff Cynthia A. Riley's Motion to Remand (Doc. 6) is **DENIED**.

       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge